PER CURIAM.
Although it is not disputed that a root canal file was “inadvertently” broken off and remained in the plaintiff’s tooth and that, therefore, under Section 768.-45(4), Florida Statutes (1983), there was prima facie evidence of negligence on the part of the defendant dentist,[1] nonetheless, *1192 the plaintiff was not entitled to summary judgment as to the issue of liability where, as here, the affidavit of a licensed dentist submitted in opposition to the plaintiff’s motion asserted in an all-embracing manner that the defendant’s actions “did not breach in any way the proper standard of care within this community”[2] (emphasis supplied).
Reversed and remanded for further proceedings.

. Section 768.45(4), Florida Statutes (1983), provides in pertinent part that "the discovery of the presence of a foreign body, such as a sponge, clamp, forceps, surgical needle, or other para *1192 phernalia commonly used in surgical, examination, or diagnostic procedures, shall be prima facie evidence of negligence on the part of the health care provider.”

. At this stage of the proceedings we are bound to read this affidavit as referring not only to the treatment and care rendered after the file broke, but the treatment and care rendered when the file broke. See Holl v. Talcott, 191 So.2d 40, 45 (Fla.1966) (affidavits in opposition to motions for summary judgment "need not be in the exact form, or cover all the preliminaries and details which would be required of a witness, particularly an expert witness, if he were on the stand at the trial”). It may very well be that further discovery or the trial itself will clarify that the defendant’s expert and the defendant himself intended to testify merely that only the treatment and care after the file broke were non-negligent and that the plaintiff suffered no damage. Thus, the reversal is quite obviously without prejudice to a renewed motion for summary judgment or a motion for directed verdict on the liability issue.